IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARIO VASQUEZ SOTO,<br><br>Petitioner,<br><br><br><br><br>vs.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTIONS TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND GRANTING GOVERNMENT'S MOTION TO ENFORCE APPEAL WAIVER<br><br><br><br>Civil Case No. 2:05-CV-687 TS<br>Civil Case No. 2:05-CV-860 TS<br><br>Criminal Case No. 2:04-CR-35 TS |

This matter is before the Court on two separate Motions by Petitioner, both brought pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his federal sentence. Also before the Court is the government's Motion to Enforce Appeal Waiver.[1]

Petitioner originally filed a "Motion to Vacate and Correct Sentence Pursuant Under 28 U.S.C. § 2255"[2] on August 15, 2005 (hereinafter "Original § 2255 Motion"), which was assigned

---

[1] Docket No. 3 in Case No. 2:05-CV-860 TS.

[2] Docket No. 1 in Case No. 2:05-CV-687 TS.

Case No. 2:05-CV-687 TS.  Then, for reasons unclear to the Court, Petitioner filed a separate "Motion to Modify and Correct Sentence Pursuant to Title 28 U.S.C. §§ [sic] 2255" on October 17, 2005,[3] which was assigned 2:05-CV-860 TS.  In both civil matters, the government was ordered to respond,[4] but only filed a response[5] in the second case—2:05-CV-860 TS.

The Court, having considered the motions and pleadings, reviewed the file, and being otherwise fully informed, will DENY both of Petitioner's § 2255 Motions and close each case, as set forth more fully below.

## BACKGROUND

On January 21, 2004, Petitioner was named in a one-count Indictment charging Possession of Methamphetamine With Intent to Distribute.[6]  On January 20, 2005, Petitioner pleaded guilty to the charge.[7]  Thereafter, a presentence report was prepared, and the government filed a Motion for Downward Departure, pursuant to USSG § 5K1.1.[8]  Petitioner was sentenced on May 5, 2005, to 48 months incarceration with the Bureau of Prisons.[9]  The judgment was entered on May 6, 2005.[10]  Petitioner did not file a direct appeal.  The criminal case docket

---

[3] Docket No. 1 in Case No. 2:05-CV-860 TS.

[4] Docket Nos. 2 in both civil cases.

[5] Docket No. 3 in Case No. 2:05-CV-860 TS.

[6] Docket No. 19 in Case No. 2:04-CR-35 TS.

[7] Docket Nos. 68, 69 in Case No. 2:04-CR-35 TS.

[8] Docket No. 92 in Case No. 2:04-CR-35 TS.

[9] Docket No. 91 in Case No. 2:04-CR-35 TS.

[10] Docket No. 93 in Case No. 2:04-CR-35 TS.

reflects, under the date of October 17, 2005, a Notice of Filing Motion to Vacate Under § 2255,[11] referring to Case No. 2:05-CV-860 TS, but not the earlier § 2255 case, 2:05-CV-687 TS.

DISCUSSION

I.     Second § 2255 Motion.

Paragraph eight of 28 U.S.C. § 2255 states that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."[12] Rule Nine of the Rules Governing Section 2255 Proceedings for the United States District Courts further states that "[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."

The Tenth Circuit has recently adapted the Supreme Court's holding in *Gonzalez v. Crosby*[13] to § 2255 Motions in determining whether a later-filed postjudgment pleading should be construed as successive.[14] Because no judgment has yet been entered in this matter, Petitioner's second pleading cannot be construed as second or successive.[15]

---

[11] Docket No. 102 in Case No. 2:04-CR-35 TS.

[12] The section goes on to explain that there must be "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

[13] 545 U.S. 524 (2005) (addressing what type of pleading constitutes a second or successive pleading under 28 U.S.C. § 2254).

[14] *United States v. Nelson*, 465 F.3d 1145 (10th Cir. 2006) (applying the *Gonzalez* standard to § 2255 Motions).

[15] *Id.* at 1149 ("We need not consider whether a *prejudgment* motion to amend a § 2255 motion should ever be treated as a second or second or successive motion.") (emphasis in

Instead the Court will construe Petitioner's second filing as a Motion to Amend his Original § 2255 Motion, and the Motion will be denied. The issues raised in the second § 2255 Motion are largely similar to those raised in the Original § 2255 Motion, with some additions and omissions.[16] The Court considers the second filing to be an impermissible second attempt to raise issues which either were, or could have been, raised in his Original § 2255 Motion. Petitioner has made no explanation for the parallel filings, nor has he requested that one replace the other, or that they be considered together.

Therefore, the Court construes Petitioner's second § 2255 Motion as a Motion to Amend his Original § 2255 Motion. The Court will deny and not consider Petitioner's second pleading.[17] However, the Court will consider the government's Motion to Enforce Appeal Waiver and Response to Motion Under Title 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody,[18] which was filed in the second case, in its determination of the Original § 2255 Motion.[19] Even were the Court not to consider the government's pleading herein, it would reach the same result in this case.

---

original) (citing *Johnson v. United States*, 196 F.3d 802, 804-05 (7th Cir. 1999) (holding that prejudgment motion to amend petition is not a second or successive petition)).

[16] Although not properly before the Court, the Court notes that the issues raised in the second § 2255 Motion are similar to the Original § 2255 Motion, with some variance. For instance, Petitioner did not raise the issue of whether his guilty plea was knowingly and voluntarily entered, or whether he was entitled to a downward departure for post-offense rehabilitative efforts, pursuant to USSG § 5K2.19. Petitioner additionally argued that his trial counsel was ineffective for failing to raise issues surrounding his deportability status, including disparity and "fast track" issues.

[17] Case No. 2:05-CV-860 TS.

[18] Docket No. 3 in Case No. 2:05-CV-860 TS.

[19] Case No. 2:05-CV-687 TS.

II.      Issues Before the Court.

In his Original § 2255 Motion, Petitioner raises the following arguments: 1) that he received ineffective assistance of trial counsel in the underlying criminal case with respect to sentencing; 2) that the Supreme Court case of *Blakely v. Washington*[20] justifies a downward departure in this case; 3) that he is entitled to a downward departure under USSG § 5K2.19 for post-sentencing rehabilitative efforts; 4) that trial counsel was ineffective for failing to seek a downward departure under USSG § 5K2.20 for aberrant behavior; and 5) that his guilty plea was not knowingly and voluntarily offered.

III.     Statute of Limitations.

As a preliminary matter, the Court makes the initial finding that Petitioner's Original § 2255 Motion was timely filed. Petitioner's judgment was entered on May 6, 2005,[21] and the Original § 2255 Motion was filed on August 15, 2005,[22] well within the one-year limitations period set by 28 U.S.C. § 2255(1).

IV.     Appeal Waiver.

As noted, the government has made a Motion to Enforce Appeal Waiver,[23] wherein it asserts that Petitioner entered into a knowing, voluntary, and enforceable waiver of his collateral appeal rights in his written Statement by Defendant in Advance of Plea (hereinafter "plea

---

[20] 540 U.S. 965 (2004).

[21] Docket No. 93 in Case No. 2:04-CR-35 TS.

[22] Docket No. 1 in Case No. 2:05-CV-687 TS.

[23] Docket No. 3 in Case No. 2:05-CV-860 TS.

agreement").[24] In that January 20, 2005 plea agreement, Petitioner waived both his direct and collateral appeal rights as follows:

> Fully understanding my right to appeal my sentence, as explained above, and in consideration of the concession(s) and/or commitment(s) made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute(s) of conviction, and (2) an upward departure from the final Sentencing Guidelines range determined by the court.
>
> I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255.[25]

In exchange for Petitioner's plea of guilty and the waiver of his direct and collateral appeal rights, the government agreed to: 1) recommend a three-level reduction for acceptance of responsibility; and 2) move for a downward departure for "substantial assistance," pursuant to USSG § 5K1.1, if applicable.

The presentence report prepared in advance of sentencing calculated Petitioner's guideline range at 120-135 months, with a 120-month statutory minimum term. Defendant never objected to the presentence report. The government filed a § 5K1.1 Motion, recommending a two-level downward departure. At sentencing, the Court granted the § 5K1.1 Motion, but increased the degree of departure and sentenced Defendant to a term of 48 months in the custody of the Bureau of Prisons.

---

[24] Docket No. 69 in Case No. 2:04-CR-35 TS.

[25] *Id.*

    A.    <u>Legal Standard</u>.

The Tenth Circuit has recently established a three-part test to interpret appeal waivers, based upon contract principles.[26] The Court is to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[27] The Tenth Circuit further clarified that a court is to "strictly construe the scope of appellate waivers and 'any ambiguities in these agreements are read against the Government and in favor of a defendant's appellate rights.'"[28] Moreover, the Court is to "hold a defendant to the terms of a lawful plea agreement."[29] Therefore, with these principles in mind, the Court proceeds with its analysis.

    1.    *Scope of appeal waiver*.

As noted above, Petitioner signed a broad waiver of appellate rights, which included the waiver of his "right to challenge [his] sentence, and the manner in which [it] is determined, in any collateral review motion . . . under Title 28, United States Code, Section 2255."[30] The waiver contained only two exceptions: "1) a sentence above the maximum penalty provided in

---

[26] *United States v. Hahn*, 359 F.3d 1315, 1324-25 (10th Cir. 2004) (*en banc*) ("[C]ontract principles govern plea agreements.").

[27] *United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *Hahn*, 359 F.3d at 1325).

[28] *Porter*, 405 F.3d at 1142 (internal citations and quotations omitted).

[29] *United States v. Atterberry*, 144 F.3d 1299 (10th Cir. 1998).

[30] Docket No. 69 in Case No. 2:05-CV-687 TS, at 3-4.

the statute of conviction, and (2) an upward departure from the final Sentencing Guideline range determined by the court."[31]

Not only does this language provide for a clear, express waiver of collateral appeal rights, it also references the exact statutory provision under which this action is brought—§ 2255. The Court detects no ambiguity whatsoever in the language.

In the instant § 2255 Motion, Petitioner's claims all arise out of the imposition of his sentence, and his belief that he is entitled to "a downward adjustment under the federal sentencing guidelines."[32] Even Petitioner's claim that his guilty "plea was not knowingly and voluntarily tendered" is based upon his contention that he is entitled to a lesser sentence based upon "post-offence [sic] rehabilitation efforts" and "post-conviction rehabilitation."[33]

Therefore, the Court finds that Petitioner's sentence is within the scope of the plea agreement and does not violate the Sixth Amendment.

        2.    *Knowing and voluntary waiver.*

The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[34] In determining whether an appellate waiver is knowing and voluntary, the Court looks to two factors: 1) "whether the language of the plea agreement states

---

[31] *Id.* at 3.

[32] Docket No. 1 in 2:05-CV-687 TS at 7.

[33] *Id.* at 6.

[34] *Hahn*, 359 F.3d at 1328 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

that the defendant entered the agreement knowingly and voluntarily,"[35] and 2) whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy."[36]  Further, the Supreme Court has stated that "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances – even though the defendant may now know the *specific detailed* consequences of invoking it."[37]

First, the Court finds that the language of the plea agreement at issue here expressly states that Petitioner entered into the agreement knowingly and voluntarily.  The language of the appeal waiver states that "[f]ully understanding my right to appeal my sentence, . . . I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined" and further that "I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255."[38]

Next, the Court finds that there was an adequate Rule 11 colloquy conducted on the record between the Court and Petitioner.[39]  The Court notes that Petitioner bears the "burden to

---

[35] *Id.* at 1325 (citing *Elliot*, 264 F.3d at 1174 n.1) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and voluntarily waive[d] the right' to appeal.").

[36] *Id.* (internal citations omitted).

[37] *United States v. Ruiz*, 536 U.S. 622, 629-30 (2002) (emphasis in original).

[38] Docket No. 69 in Case No. 2:04-CR-35 TS at 3-4.

[39] *See* Docket No. 68 in Case No. 2:04-CR-35 TS.

present evidence from the record establishing that he did not understand the waiver."[40]  In his § 2255 Motion, Petitioner states that his "plea was not knowingly and voluntarily tendered,"[41] and sets forth both binding and non-binding case law on the subject, but makes no argument, and points to no evidence whatsoever, that his plea was anything other than knowing and voluntary.

Fed. R. Crim. P. Rule 11 establishes certain procedures for the entry of a plea of guilty, and requires the Court to conduct a colloquy directly with the defendant to ensure that, among other things, a plea agreement and resulting plea are entered into voluntarily and knowingly by a defendant.  When Petitioner entered into his plea of guilty on January 20, 2005, the Court entered into such a colloquy with Petitioner, on the record.  The Court began by explaining to Petitioner that the Court had the responsibility of ascertaining that any plea was entered into freely and voluntarily, and inquired of Petitioner whether he had read the plea agreement, discussed it with his attorney, and whether he understood it.  Petitioner responded affirmatively.  After both counsel summarized the terms of the plea agreement for the record, Petitioner confirmed that nothing had been left out of the agreement and that he had no questions about the agreement.  The Court then confirmed with Petitioner directly that no one had offered him any inducements or threatened or forced him to plead guilty or to enter into the plea agreement.  The Court concluded that Petitioner knew his rights and had waived them, that Petitioner had entered his plea *knowingly and voluntarily*, and that the plea was supported by an independent basis in fact containing each of the essential elements of the offense.  The Court then accepted Petitioner's plea of guilty.

---

[40] *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).

[41] Docket No. 1 in Case No. 2:05-CV-687 TS, at 5.

Further, in the written plea agreement, Petitioner signed his name beneath the following statements, among others: "No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea. . . . I have discussed this case and this plea with my lawyer as much as I wish to. I am satisfied with my lawyer. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication or intoxicants when the decision to enter the plea was made and I am not now under the influence of drugs, medication or intoxicants. I have no mental reservations concerning the plea."[42]

Considering the above, the Court finds that both Petitioner's plea of guilty and his collateral appeal waiver were "knowingly and voluntarily made."

### 3. *Miscarriage of justice.*

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[43]

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[44]

---

[42] Docket No. 69 in Case No. 2:04-CR-35 TS, at 7.

[43] *Hahn*, 359 F.3d at 1327 (internal citations omitted).

[44] *Porter*, 405 F.3d at 1143 (citing *Hahn*, 359 F.3d at 1327).

Petitioner bears the burden of establishing a miscarriage of justice.[45]

There is no evidence or argument before the Court that it relied upon an impermissible factor in arriving at the sentence, or that the sentence exceeds the statutory maximum. Therefore, the Court focuses on the remaining factors.

       i.    Ineffective assistance of counsel.

The Tenth Circuit has ruled that, under some circumstances, a claim of ineffective assistance of counsel brought in the context of a § 2255 Motion may survive a valid collateral appeal waiver: "a claim of ineffective assistance of counsel in connection with the negotiation of a [plea] agreement cannot be barred by the agreement itself."[46]

The *Cockerham* court identified two critical components that must exist for a § 2255 ineffective assistance of counsel claim to survive a valid waiver. "The first is whether there is any basis for a claim of ineffective assistance of counsel, and the second is whether that ineffectiveness claim pertains to the validity of the plea."[47] The Tenth Circuit further held that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."[48] In *United States v. Clingman*, the Tenth Circuit provided further direction:

---

[45] *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

[46] *United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001) (quoting *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999)) ("[T]he right to mount a collateral attack pursuant to § 2255 survives [a waiver] only with respect to those discrete [ineffective assistance] claims which relate directly to the negotiation of the waiver.")).

[47] *Id.* at 1187.

[48] *Id.*

12

> To prevail on his ineffective assistance claim, [Petitioner] must show that he was prejudiced by his trial counsel's allegedly deficient performance. In the context of a guilty plea, this requires [Petitioner] to show that counsel's deficient performance "affected the outcome of *the plea process*" and "that there is a reasonable probability that, but for counsel's errors, *he would not have pleaded guilty* and would have insisted on going to trial."[49]

Only claims that "challeng[e] the validity of the plea or the waiver" itself may survive a collateral appeal waiver. "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable."[50]

Petitioner makes vague allusions in his § 2255 Motion to ineffective assistance of counsel as follows—all relating to sentencing: that he was "denied effective assistance of counsel at sentencing,"[51] that he is entitled to correction of his sentence "due to the ineffective assistance of counsel at sentencing,"[52] that "counsel was ineffective at sentencing for failing to seek a downward departure for aberrant behaviour."[53] The Court finds that, because these sentencing claims fall outside of a challenge to the validity of the plea or waiver itself, they are barred by the appeal waiver, and are not properly before this Court.

Later, in his § 2255 Motion, Petitioner cites non-binding case law and argues that ineffective assistance of counsel related to the guilty plea does not bind a defendant, and "[a] plea

---

[49] 288 F.3d 1183, 1186 (10th Cir. 2002) (internal citations omitted) (emphasis in original).

[50] *Id.*

[51] Docket No. 1 in Case No. 2:05-CV-687 TS at 2.

[52] *Id.*

[53] *Id.* at 4.

13

induced by the misrepresentation of counsel is ineffective."[54]  However, Petitioner does not argue that his trial counsel was ineffective as it relates to the plea and, further, offers no evidence to support such an assertion.  In any event, as Petitioner is arguably making a claim of ineffective assistance of counsel as it relates to the plea or waiver itself, the Court will address that issue on the merits.

As noted above, the Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel:[55] that "counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[56] Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[57]

Aside from the dearth of argument by Petitioner on this issue, Petitioner made affirmative statements, orally and in writing, that he was satisfied with the advice and assistance of trial counsel.  In the written plea agreement, Petitioner signed his name beneath statements that: "I have discussed this case and this plea with my lawyer as much as I wish to.  I am satisfied with my lawyer."[58]  During the Rule 11 plea colloquy, in addition to Petitioner confirming that he had

---

[54] *Id.* at 5.

[55] *Strickland v. Washington*, 466 U.S. 668 (1984).

[56] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland*, 466 U.S. at 687, 690).

[57] *Strickland*, 466 U.S. at 687.

[58] Docket No. 69 in Case No. 2:04-CR-35 TS at 7.

discussed the plea agreement with trial counsel, Petitioner confirmed that he was satisfied with the advice to and representation of him by counsel.[59]

Petitioner has made no meritorious argument, and nothing in the record suggests, that Petitioner's trial counsel was ineffective in the plea process and consequent waiver of appellate rights. Therefore, the Court finds that there was no deficient functioning of counsel. Further, the Court finds that Petitioner was not prejudiced by counsel's performance and, in fact, he was benefitted by it. Through his counsel's negotiation and representation, Petitioner ultimately received a sentence nearly half of the one originally faced by him, and "there is no "probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[60] As such, Petitioner's ineffective assistance claims fail. Moreover, with respect to enforcement of the appeal waiver, the Court finds that there was no ineffective assistance of counsel with negotiation of the waiver."[61] Therefore, there was no miscarriage of justice which would prevent enforcement of Petitioner's appeal waiver.[62]

    ii.  Otherwise unlawful – *Blakely/Booker* issues.

Petitioner's argument that the Supreme Court case of *Blakely*,[63] and by logical extension, *United States v. Booker*,[64] represent "new constitutional law [which] justifies this downward

---

[59] *See* Docket No. 68 in Case No. 2:04-CR-35 TS.

[60] *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999) (internal citations omitted).

[61] *Porter*, 405 F.3d at 1143.

[62] *See Hahn*, 359 F.3d at 1327.

[63] 540 U.S. 965 (2004).

[64] 543 U.S. 220 (2005).

sentence departure request,"⁶⁵ could be considered as a contention that his waiver is "otherwise unlawful" and should not be enforced, and the Court construes Petitioner's argument as such. When presented with a similar question, the Tenth Circuit recently reiterated that "Supreme Court precedent is quite explicit that as part of a plea agreement, criminal defendants may waive both rights in existence and those that result from unanticipated later judicial determinations."⁶⁶

In any event, the matter is not relevant to the instant § 2255 determination, as these cases do not apply to cases on collateral appeal. However, even if the Court found that *Blakely* or *Booker* applied to this collateral appeal, the Court would find that they are inapposite here and would not afford Petitioner the relief sought, as there was no Sixth Amendment violation in this case and the sentence imposed was reasonable. The Tenth Circuit has explained that "[a] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."⁶⁷ The Supreme Court in *Booker* explicitly held that it applied "to all cases on direct

---

⁶⁵ Docket No. 1 in Case No. 2:05-CV-687 TS, at 2.

⁶⁶ *Porter*, 405 F.3d at 1144 (citing *Brady v. United States*, 397 U.S. 742, 757 (1970) ("[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise."); *see also United States v. Ruiz*, 536 U.S. 622, 630 (2002) ("[T]his Court has found that the Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension [including where a] defendant failed to anticipate a change in the law regarding relevant punishments.").

⁶⁷ *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004).

review."[68] The Tenth Circuit has also held that "the rule announced in *Booker* is not retroactive."[69]

Therefore the Court finds that Petitioner's arguments with respect to *Blakely* and *Booker* are both procedurally barred and substantively without merit. Moreover, Petitioner's claim here does not establish that his waiver was "otherwise unlawful or seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings."[70] Therefore, there was no miscarriage of justice that would prevent enforcement of Petitioner's appeal waiver.[71]

The Court finds that this collateral appeal is within the scope of Petitioner's waiver, that the waiver was knowing and voluntary, and that enforcing the waiver would not result in a miscarriage of justice. Therefore, this Court will enforce Petitioner's waiver, grant the government's Motion, and dismiss this case. All issues raised by Petitioner in his § 2255 Motion are barred, and will not be considered by the Court.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's Original § 2255 Motion (Docket No. 1 in Case No. 2:05-CV-687 TS) is DENIED for the reasons set forth above. It is further

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:05-CV-860 TS) is construed as a Motion to Amend Original § 2255 Motion, and is DENIED. It is further

---

[68] 543 U.S. at 268 (citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)).

[69] *United States v. Bellamy*, 1411 F.3d 1182, 1186-87 (10th Cir. 2005) ("[L]ike *Blakely*, *Booker* does not apply retroactively on collateral review.").

[70] *Porter*, 405 F.3d at 1143.

[71] *Hahn*, 359 F.3d at 1327.

ORDERED that the government's Motion to Enforce Appeal Waiver (Docket No. 3 in Case No. 2:05-CV-860 TS) is GRANTED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close both Case No. 2:05-CV-687 TS and Case No. 2:05-CV-860 TS forthwith.

SO ORDERED.

DATED this 2nd day of July,  2007.

BY THE COURT:

_____
TED STEWART
United States District Judge